IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kim Lamark Dandy, ) | Civil Action No.: 8:13-cv-1089-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin.[1] Plaintiff Kim Lamark Dandy ("Plaintiff" or "Dandy") brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB"). In her R & R, the Magistrate Judge recommends reversing the decision of the Commissioner.

### FACTUAL FINDINGS AND PROCEDURAL HISTORY

The Plaintiff filed an application for DIB on October 23, 2009, alleging a disability onset date of October 1, 2009. (R. p. 18.) After his application was denied initially and on reconsideration, he requested a hearing before an administrative law judge ("ALJ"). (*Id.*) The hearing before the ALJ was held on December 1, 2011, and Plaintiff was represented at the hearing by Amanda Craven, esq. (R. pp. 76–107.) The ALJ issued an unfavorable decision on February 24, 2012. (R. pp. 15–38.) Plaintiff requested Appeals Council review of the ALJ's decision, but the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Appeals Council denied his request for review, (r. pp. 1–5), making the ALJ's decision the Commissioner's "final decision" for purposes of judicial review, *see* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003). The ALJ's overall findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since October 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease, degenerative joint disease, affective disorder, anxiety disorder, and coronary artery disease (20 CFR 404.1520(c)).
>
> . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).
>
> . . .
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except as follows: he can lift/carry a maximum of 10 lbs frequently and lift up to 20 pounds occasionally; stand/walk for approximately two to four hours out of eight hours in a workday; sit for six hours out of eight, but must be allowed to exercise sit/stand option as follows: cannot be off task for more than 5% of the workday and not allowed to leave the workstation except during normal breaks, can sit at any one time up to 45 minutes and stand/walk at any time for up to 30 minutes to relieve sitting and to perform the job requirements of a particular job. He has additional limitations in that he can only occasionally push/pull with right upper extremity and frequently with the left upper extremity, occasionally operate foot controls with right lower extremity and frequently with the left, cannot climb ropes/ladders/scaffolds, can occasionally climb ramps/stairs with no more than four steps at one time, can frequently balance and occasionally stoop, cannot crouch, kneel or crawl, is limited to occasional overhead reaching with the right upper extremity and frequently with left upper extremity, cannot tolerate even moderate exposure to extreme cold, vibrations, chemicals, environmental irritants (fumes, odors, dusts, gases), exposure to

>       poorly ventilated areas and chemicals, exposure to hazards (e.g., us[e] of moving machines and unprotected heights). He is also limited to simple, routine tasks in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, with few, if any work-place changes introduced gradually, with occasional interaction with the public.
>
>       . . .
>
>       6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
>       . . .
>
>       7. The claimant was born on March 3, 1971 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
>       8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
>       9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 400, Subpart P, Appendix 2).
>
>       10. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

(R. pp. 18–38.)

The ALJ's decision became the final decision of the Commissioner when the Appeal's Council denied Plaintiff's request for further review. *See* (r. pp. 1–5.) On April 23, 2013, Plaintiff filed this action seeking judicial review of the Commissioner's decision. *See* Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, *see* ECF Nos. 10, 11, 12, and the Magistrate Judge issued her Report and Recommendation on July 21, 2014. *See* R & R, ECF No. 14. Defendant

timely filed objections to the R & R on August 7, 2014. *See* Def.'s Objs., ECF No. 15. Planitiff replied to the objections on August 25, 2014. *See* Pl.'s Reply, ECF No. 17.

### STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see also Daniel v. Gardner*, 404 F.2d 889, 890 n.1 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776, 784 (E.D. Va. 1976) (same). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "'substantial evidence.'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See Meyers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (citations omitted). As the Fourth Circuit has explained, "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to

give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58 (citations omitted).

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R & R. 28 U.S.C. 636(b)(1). The Magistrate Judge makes only a recommendation to the Court that has no presumptive weight; indeed, the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate

burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

6

#### DISCUSSION

The Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter, finding that the ALJ improperly discounted several opinions of Plaintiff's treating physician, Dr. Carol A. Kooistra ("Dr. Kooistra"). *See* ECF No. 14 at 35. Specifically, the Magistrate Judge concludes that the ALJ's analysis of Dr. Kooistra's opinions ignored the medical evidence of record that supports Dr. Kooistra's opinions and/or failed to explain how the other medical evidence squares with the ALJ's findings. *See id.* at 36. The Magistrate Judge elaborated, noting that the mere fact that the ALJ did not find sufficient objective findings in Dr. Kooistra's treatment notes to support her findings regarding Plaintiff's physical limitations does not appear, in and of itself, to be a proper basis for the rejection of her entire opinion. *See id.* at 37. Ultimately, the Magistrate Judge explained, the Court cannot say the ALJ's decision was supported by substantial evidence without further discussion of why Dr. Kooistra's opinions were inconsistent with the balance of the record. *See id.* at 38. Because she recommended the court remand this case on this basis, the Magistrate Judge declined to address the Plaintiff's additional allegations of error by the ALJ. *See id.*

Defendant objects to the Magistrate Judge's recommendations. First, Defendant argues that the Magistrate Judge improperly substituted her own presumptive credibility findings for the ALJ's. *See* ECF No. 15 at 1–3. Defendant then argues that the Magistrate Judge applied a more exacting standard than 42 U.S.C. § 405(g) prescribes. *See id.* at 3–8.

In response to Defendant's objections, Plaintiff filed a reply in support of Magistrate Judge's recommendation. In his reply, Plaintiff first argues that the Magistrate Judge correctly found that the ALJ did not give proper weight to the treating physician's opinion. *See* ECF No. 17 at 1–8.

Plaintiff then argues that the Magistrate Judge did not properly substitute her credibility findings for the ALJ's. *See id.* at 8–9.

I.    **Opinions of Dr. Kooistra**

   1. **Defendant's Objections**

The Court will address Defendant's second objection first. Defendant objects to the R & R, asserting that the Magistrate Judge applied a more exacting standard than 42 U.S.C. § 405(g) prescribes and erred in finding that the ALJ improperly discounted Dr. Kooistra's opinions. *See* ECF No. 15 at 3–8. Defendant first argues that the ALJ did not rely exclusively on the lack of objective medical findings in discounting her opinion. *See id.* at 3. In any event, Defendant argues that the absence of objective medical evidence is a sufficient basis for assigning diminished weight to a treating source's opinion. *See id.* at 4. Defendant also takes issue with the Magistrate Judge's determination that the ALJ failed to reconcile his findings with certain evidence in the record. *See id.* at 5. Defendant argues that the ALJ, not the Court, was responsible for weighing the evidence and resolving its conflicts. *See id.* at 6. Moreover, Defendant asserts that the Magistrate Judge improperly found that the ALJ ignored relevant evidence, and argues that the ALJ logically found that Dr. Kooistra's notes reflecting improved symptoms and unremarkable physical examination did not support her assessment of disabling limitations. *See id.* Defendant argues that, while the ALJ was required to provide reasons for discounting Dr. Kooistra's opinion, he was not required to salvage her opinions by picking out favorable pieces of evidence from Plaintiff's other doctors. *See id.* at 7.

Plaintiff replied to these objections, asserting that the Magistrate Judge's reasoning was correct. Plaintiff argues that the Magistrate Judge correctly determined that the ALJ improperly rejected multiple opinion letters from Dr. Kooistra. *See* ECF No. 17 at 1. The ALJ did not give Dr.

8

Kooistra's opinions controlling weight, and Plaintiff asserts that the ALJ did not sufficiently discuss the factors of 20 C.F.R. § 1527(c) in discounting the opinion of this treating physician. *See id.* at 2–3. Plaintiff contends that the ALJ mentioned each of Dr. Kooistra's statements briefly but provided very little reasoning for rejecting them. *See id.* at 3. Plaintiff notes that the greater weight of evidence supports Dr. Kooistra's limitations, and cites to the relevant evidence in the record. *See id.* at 4–7. Plaintiff asserts Defendant's suggestion that Dr. Kooistra's opinions were supported only by subjective evidence, and thus not entitled to any weight, was incorrect. *See id.* at 7. Moreover, Plaintiff notes, even if Dr. Kooistra's opinions were inconsistent with the medical evidence, the ALJ must state that fact and set forth the medical evidence contradicting it. *See id.* Plaintiff concludes by reasoning that the Magistrate Judge was correct, because the factors discussed in the ALJ's decision were not the "persuasive medical proof" necessary to disregard Dr. Kooistra's opinion. *See id.* at 8.

### 2. Applicable Law

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other substantial evidence, *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir., 1996), but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion,

9

20 C.F.R. § 404.1527(c). Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. § 404.1527(c)(2). An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986). Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. § 404.1527(d). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

### 3. Analysis

The ALJ separately addressed Dr. Kooistra's statement that claimant "is unable to do his usual work, unable to do work, and is permanently and totally disabled" and two statements concerning Plaintiff's RCF that were submitted in May 2010 and December 2011. Plaintiff asserts that the ALJ did not conduct the proper analysis in assigning little weight to Dr. Kooistra's opinions regarding the nature and severity of his impairment. *See* ECF No. 10 at 4–9. As noted above, the ALJ "may choose to give less weight to the testimony of a treating physician if there is

persuasive contrary evidence." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).  However, the ALJ must assign a weight to the medical opinion based on the five factors set forth in 20 C.F.R. § 404.1527(c).  In evaluating Dr. Kooistra's opinions regarding Plaintiff's RFC, the ALJ explained as follows:

> Dr. Kooistra submitted statements concerning claimant's RFC in May 2010, and December 2011, but I do not assign controlling weight to her opinions. She is a "treating source" and the opinions are Medical opinions about the nature and severity of the claimant's impairments; however, the statements are not well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent[2] with the other substantial evidence in the record. Therefore, I assign little weight to her RFC statements.
>
> An adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion.
>
> There are obvious inconsistencies between her opinions and other substantial evidence, including the claimant's own statements about his activities, Dr. Bailes' advice to the claimant not to seek disability and Dr. Lopez's findings of normal EKG and echocardiogram, that chest pain was not ischemic in nature, and that he was doing well and stable from a cardiac standpoint.
>
> Claimant's statements amount to substantial, nonmedical evidence showing that his activities are greater than those provided in Dr. Kooistra's opinions.

(R. p. 35.)  After reviewing the record and the ALJ's analysis, the Court agrees with the Plaintiff and Magistrate Judge that the ALJ failed to conduct the proper analysis of Dr. Kooistra's opinions.

More particularly, the Court agrees that the ALJ did not engage in the proper analysis under 20 C.F.R. § 404.1527(c) in addressing these opinions of Dr. Kooistra.  The ALJ did conduct the relevant analysis set forth in Social Security Ruling 96-2p for determining whether the opinions

---

[2] The ALJ's statement that the opinions were "not inconsistent with the other substantial evidence" appears to have been unintentional, as he later notes that there are "obvious inconsistencies between her opinions and other substantial evidence."  (R. p. 35.)  Thus, the Court assumes this was a scrivener's error and the ALJ meant to say that the statements *were* inconsistent.

11

should be given controlling weight, *see* SSR 96–2p, 1996 WL 374188, as he explained that he found the opinions were not well supported by clinical and laboratory diagnostic techniques and were inconsistent with other substantial evidence, (r. p. 35). However, as SSR 96-2p explains, the inquiry does not end at determining whether the opinion is entitled to controlling weight. *Id.* Rather, even where controlling weight is not assigned, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527." *Id.* Here, the ALJ did not weigh the factors set forth in 20 C.F.R. § 404.1527(c). Rather, he simply assigned "little weight" to Dr. Kooistra's RFC statements for the same reasons he declined to give the opinions controlling weight. *See* (r. p. 35.) The Court finds this was in error. C*f. Alexander v. Colvin*, No. 3:12-2631-RMG, 2014 WL 468973, at *6 (D.S.C. Feb. 4, 2014) (finding reversible error where the Court could not determine "whether the Treating Physician Rule factors were considered or that there is substantial evidence to support the weight accorded the opinions").

Moreover, even if the ALJ engaged in the proper analysis of the relevant factors in assigning little weight to Dr. Kooistra's opinion, he must still sufficiently show that discounting the opinion was warranted, meaning that there was "persuasive contrary evidence." *Hunter*, 76 F.3d at 590. In support of his finding that Dr. Kooistra's opinions were not inconsistent with persuasive contrary evidence, the ALJ first noted the "claimant's own statements about his activities." (R. p. 35.) Plaintiff's statements, however, were not inconsistent with Dr. Kooistra's opinions. For example, at the hearing Plaintiff noted that a good day would begin with him making the bed and putting dishes in the dishwasher. (R. p. 89.) However, he explained that he would need to rest after accomplishing these tasks because he "can feel the pain." (*Id.*) Plaintiff also noted that he could do light yard work taking a couple of minutes, but that it would "bring a lot of pain" and he would "feel the tightening in [his] back." (R. p. 90.) Moreover, Plaintiff indicated that he could shop with

his wife, but testified that "[a]fter about 45 minutes to an hour my back is just giving me so much problem that I need to leave and I tell her it's time to go." (R. p. 88–89.) Plaintiff reiterated this in the questionnaire, indicating that he could accomplish various chores but only if they were very short in duration. (R. pp. 180–88.) This evidence was not inconsistent with Dr. Kooistra's findings, as she indicated that "Claimant can sit for one hour at a time, stand for 30 minutes at a time, and walk for 45 minutes at a time. He can sit about 2 hours in an eight hour day and stand/walk less than two hours in an eight hour day." (R. 597–98.) The Court finds this was not a sufficient basis for discounting Dr. Kooistra's opinion.

Moreover, Dr. Bailes' advice to Plaintiff to avoid going on disability was also not necessarily inconsistent with Dr. Kooistra's opinions. (R. p. 492.) The ALJ does not explain how this advice was contrary to Dr. Kooistra's opinions. Presumably, he inferred from this statement that Dr. Bailes would disagree with Dr. Kooistra's opinions regarding the extent of Plaintiff's limitations. However, as the Magistrate Judge noted, where the ALJ has not "sufficiently explained the weight given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the Court's duty to scrutinize the record." *Arnold v. Sec'y of Health, Ed. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977). In any event, Dr. Bailes' recommendation that Plaintiff avoid going on disability is not sufficient to warrant discounting Dr. Kooistra's opinion.

Finally, Dr. Lopez's findings regarding Plaintiff's cardiac condition of normal EKG and echocardiogram, that chest pain was not ischemic in nature, and that Plaintiff was doing well and stable from a cardiac standpoint were not relevant to Dr. Kooistra's opinions. Therefore, this evidence cited by the ALJ was also not persuasive contrary evidence. As Plaintiff correctly noted,

Dr. Kooistra did not treat Plaintiff for cardiac problems and specifically stated in her clarification statement that her opinion was not based on any cardiac limitation. (R. p. 598.)

Accordingly, the Court finds that the ALJ did not conduct the proper analysis in discounting Dr. Kooistra's opinions. Moreover, the ALJ failed to sufficiently establish that persuasive contrary evidence contradicted Dr. Kooistra's opinions. Thus, the Court agrees with the Magistrate Judge that the ALJ's decision to assign little weight to her opinions was in error. Therefore, remand is appropriate for further administrative proceedings.

## II.     Credibility of Plaintiff

### 1. Defendant's Objections

Defendant also objects to the R & R's footnote which stated that the Court "presumes Plaintiff's pain complaints are credible." *See* ECF No. 14 at 37 n.5; ECF No. 15 at 2. Defendant asserts that Dr. Behr's treatment notes suggest he believed Plaintiff was lying, as he discharged Plaintiff because he was abusing narcotic pain medication and had symptoms with "no clearly identified etiology." *See* ECF No. 15 at 2 (citing (r. p. 484)). Defendant contends that the Magistrate Judge erred in determining that Plaintiff was credible, as the ALJ—the only individual authorized to assess credibility—cited substantial evidence that Plaintiff was not credible." *See id.* (citing (r. 32–34); *Johnson v. Barnhardt*, 434 F.3d 650, 653 (4th Cir. 2005)). Defendant argues that, because Plaintiff was not credible, the ALJ was entitled to discount medical opinions that were based on Plaintiff's subjective complaints. *See id.* at 3. Defendant requests that even if the Court does not reject the R & R in whole, it reject this portion where the Magistrate Judge discarded the ALJ's credibility findings. *See id.*

Plaintiff replied, arguing that the ALJ was required to set forth specific and adequate reasons for discounting Plaintiff's testimony but failed to do so. See ECF No. 17 at 8–9.

### 2. Applicable Law

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria. *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor. But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

### 3. Analysis

The Court agrees with the Defendant that the Magistrate Judge appeared to substitute her own credibility finding for that of the ALJ. The ALJ set forth his rationale for finding that claimant was "not as limited in activities of daily living as he alleged at times," and indicated that he based this finding on testimony, Disability Reports, Function Reports, and claimant's statements to treating and examining sources. (R. p. 33.) The Court cannot say that this finding was not supported by substantial evidence. Accordingly, the Court respectfully rejects the portions of the R & R addressing Plaintiff's credibility. The R & R is modified to remove those findings of the Magistrate Judge. However, as the case is being remanded, the Commissioner should reevaluate the Plaintiff's credibility in light of all of the available evidence in the record on remand.

**III.     Plaintiff's Remaining Objections**

Because the Court finds that the ALJ failed to properly weigh the opinion evidence provided by Plaintiff's treating physician, Dr. Kooistra, and this is a sufficient basis to remand the case to the Commissioner, the Court declines to address Plaintiff's remaining allegations of error by the ALJ. However, on remand the Commissioner should take into consideration Plaintiff's remaining allegations of error.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R & R, Defendant's objections to the R & R, Plaintiff's reply to the objections, and applicable law. For the foregoing reasons, the Court adopts the R & R of the Magistrate Judge, as modified.  The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for further proceedings as set forth herein.

**IT IS SO ORDERED**.

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 25, 2014
Florence, South Carolina